**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| David J. Middleton, | ) | CASE NO. 1:08 CV 2741 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Genworth Life & Annuity Insurance | ) | Memorandum of Opinion and Order |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |


## INTRODUCTION

This matter is before the Court upon defendant's Motion to Dismiss First Amended

Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  This is an insurance dispute.

For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.  Counts

two and three are dismissed.

## FACTS

Plaintiff, David J. Middleton, brings this class action lawsuit against defendant,

Genworth Life & Annuity Insurance Company, alleging that defendant failed to refund the

1

unearned premium plaintiff paid to defendant for credit insurance.

For purposes of the motion to dismiss, the Court presumes the facts in the complaint are true.  Plaintiff purchased a Ford truck from a local car dealer.  He financed the purchase through Ford Motor Credit Company.  In connection with the financing, plaintiff purchased two credit insurance policies from defendant's predecessor.  Credit insurance is designed to assure  the parties financing automobile purchases that payments will continue to be made in the event the purchaser becomes disabled or dies.  The policies provide that, in the event the plaintiff paid off the loan early, he would be entitled to a refund of any unearned premium.  Plaintiff alleges that he paid his loan off in full, but has not received any portion of the premiums from defendant.

The complaint contains three claims for relief.  Count one is a claim for breach of contract.  Count two is a claim for unjust enrichment and count three alleges a breach of the duty of good faith and fair dealing.

Defendant moves to dismiss counts one and two of the complaint.  Plaintiff opposes defendant's motion with respect to count one, but indicates that he is "withdrawing" count two. Defendant does not move with respect to count three.  In its motion, defendant indicates that plaintiff has indicated that he is "voluntarily withdrawing" count three, along with the punitive damages request.  In response, plaintiff notes that the complaint "brings claims for breach of contract and unjust enrichment."  The Court presumes that, by noting that only two counts are pending, plaintiff is not opposing that count three be dismissed.  Accordingly, the Court hereby DISMISSES counts two and three based on the representations by the parties.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

2

Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

     "In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

## ANALYSIS

     Defendant argues that count one fails as a matter of law because plaintiff can point to no provision in the agreement that defendant breached.  Specifically, defendant argues that plaintiff does not allege that he gave notice or requested a refund.  Nor can plaintiff point to any policy

3

provision requiring defendant to seek out insureds that may be entitled to a refund.  In response, plaintiff argues that the policy does not require that plaintiff provide notice that he is entitled to a refund.  Plaintiff also claims that the contract must be construed against defendant and that implying a notice provision would cause an inequity.  In addition, plaintiff claims that defendant has access to information allowing it to ascertain which insureds are entitled to a refund. Accordingly, imposing a notice requirement on plaintiff is impermissible.  Plaintiff argues that Ohio law requires insurers to refund unearned premiums unconditionally.

Upon review, defendant's motion must be denied.  Even assuming an implied notice provision existed, the Court finds that, in combination, the allegations set forth in paragraphs 18 and 36 of the complaint are sufficient to withstand a motion to dismiss.  In paragraph 18, plaintiff alleges as follows, "[Defendant] possess information from various sources, including credit reporting agencies, lenders, banks, *and their own agents*, allowing it to readily ascertain which of its policyholders prepaid their loans...and are therefore entitled to a refund of the unearned premium."  (Emphasis added).  Paragraph 36 states that "plaintiff has satisfied all conditions precedent to the duty of Defendant to refund unearned premiums."  Given liberal notice pleading standards, the Court finds that these allegations are sufficient to state a claim for breach of contract, even assuming defendant is correct that notice is a precondition to a return of premium.  Plaintiff alleges that defendant can "readily ascertain" from its agents that plaintiff prepaid her loan.  Thus, it is possible that defendant has actual notice of plaintiff's right to a return of premium.  While ideally the allegations would be more specific, the Court concludes that Rule 8's notice pleading standards are satisfied.  Accordingly, defendant's motion to dismiss the breach of contract claim is without merit.

4

This Court recognizes that this ruling does not address the primary issue in this case. Contrary to defendant's suggestion, however, the Court does not believe it is proper to address the issue at this stage in the proceedings.  The case law cited by defendant supports this position. In *Bishop's Property & Investments, LLC v. Protective Life Ins. Co.*, 255 F.R.D. 619 (M.D. Ga. 2009), the court addressed plaintiff's motion for class certification in a nearly identical case.  In denying the motion, the Court found that whether to imply a notice provision required an analysis of various factors, including the nature of the relationship and course of dealing between the parties.  This analysis seems particularly relevant given the manner in which these insurance polices are sold.  The Court finds that, in this case, it is necessary to determine the nature of the relationship between the various entities involved in the transaction before determining whether a  notice provision should be implied.  Accordingly, defendant's motion is denied with respect to count one.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED in PART and DENIED in PART.  Counts two and three are dismissed.

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/30/09

5